This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41940**

**STATE EMPLOYEES CREDIT UNION,**

Plaintiff/Counterdefendant-Appellee,

v.

**JULIA A. ENGLAND,**

Defendant/Counterclaimant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Frank Sedillo, Metropolitan Court Judge**

Aldridge, Hammar & Wexler, P.A.
Jason M. Wexler
Jennifer Esquibel
Albuquerque, NM

for Appellee

Julia A. England
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Defendant Julia A. England appeals from a judgment entered against her following a bench trial, awarding Plaintiff State Employees Credit Union, $360.66 in damages, $8,792.20 in attorney fees, court fees, and costs. [RP 138] The judgment also denied Defendant's counterclaim. [RP 138] In this Court's notice of proposed disposition, we proposed summary affirmance. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     We wish to clarify for Defendant that this Court is in possession of and has reviewed the entire record proper before us, in accordance with proceedings on the summary calendar. [MIO 3] However, the record proper is not the complete record of the case below, and does not include transcripts of the proceedings. *See, e.g.*, Rule 12-209 NMRA (defining and describing the record proper as the case file); Rule 12-211 NMRA (explaining what a transcript of proceedings is regarding the general calendar). This is why it is the obligation for an appellant's pleadings to provide this Court with all the information this Court requires to decide an appeal, including information regarding the testimony and decisions made during the bench trial, as we stated in our calendar notice. [CN 4-6] "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}**     In her memorandum in opposition, Defendant continues to attack the "contract substitution" that occurred at her trial. [MIO 4] Defendant argues that "contract terms require knowledge and at least passive agreement as stated throughout the record in pleadings, testimony, [and] email evidence." [MIO 4] Defendant continues to claim that she was "secretly" bound to the new contract terms. [MIO 4] We addressed this issue in our calendar notice. In our proposed disposition we wrote that we understand Defendant to assert that Plaintiff misused funds she had deposited with Plaintiff, in part by changing the terms of the contract. [CN 8] However, as we said in our calendar notice, those arguments do not go toward any defense with regard to the complaint for credit card due, as evidenced by Defendant's acknowledgments that she failed to make payments. [CN 8] In order to understand Defendant's arguments and how the district court ruled on them, our notice explained that we needed more information regarding what happened at the bench trial, and Defendant's memorandum in opposition does not provide the information we indicated we required in our proposed disposition. [CN 8-9] "We will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076.

**{4}**     We are similarly without information as to what happened in the metropolitan court with regard to the attorney fee issue. We note that Defendant continues to argue that the metropolitan court erred in awarding attorney fees to Plaintiff [MIO 5-7], but, as this Court warned in our calendar notice, we continue to be without any facts or authorities from Defendant regarding how the issue of attorney fees was raised at the bench trial or what information the metropolitan court considered in imposing such fees. [CN 10] We note Defendant's arguments that attorneys should have a reasonable basis for a collection and that Plaintiff's attorneys billed for tasks that were "superfluous, unnecessary, and [a] waste of time." [MIO 6] However, again, this Court does not have sufficient factual or legal detail to understand the reasons that Defendant argues that the metropolitan court erred in awarding Plaintiff attorney fees. "This Court has no duty to review an argument that is not adequately developed." *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701; *see also State v. Guerra*, 2012-NMSC-014, ¶ 21, 278

P.3d 1031 (stating that appellate courts are under no obligation to review unclear or undeveloped arguments).

**{5}**     In her memorandum in opposition, Defendant does not engage with our proposed disposition or any New Mexico law, nor has the memorandum in opposition addressed this Court's proposed conclusions or asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *Mondragon*, 1988-NMCA-027, ¶ 10. Therefore, as discussed in our proposed disposition, this Court must apply the presumption of correctness and conclude that there was no error by the metropolitan court. [CN 10-11] We presume correctness in the trial court's rulings; the burden is on the appellant to clearly demonstrate the claimed error on appeal. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211; *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error." (citation omitted)).

**{6}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the metropolitan court.

**{7}     IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**